Edwards, Ch. J.
delivered the opinion of the court. After stating the case, as above, he proceeded—
Several questions have been argued at the bar; sueh as; first, whether the first contract was fraudulent on the part of West; second, whether the second was fraudulent; or whether it operated as a waiver, on the part of Morrison, to all objections on account of Perkins’s machine.
It is not necessary to decide these questions, either tray; for Clay cannot be affected thereby: unless, indeed, he had been guilty of fraud, or collusions, or was criminis with West, of which there is no proof.
‘ The arguments on the part of the appellant, have rested upon premises assumed, which have no foundation in fact ®r in law.
They have gone upon the ground, that the consideration that, passed between Morrison and West, inducing Morrison tq enter into the contract with him, was the consideration of the bonds giveá by Morrison to Clay ; or in other words, that the nail-cutting machine sold by West to Morrison and Mansel, was the consideration moving between Morrison and Clay, in the contract between them. Hence, it is argued, that- the consideration between. Morrison and West (that is, the nail-cutting machine) having failed, the consideration between Morrison and Clay, has failed; and that- the bonds or judgment founded thereon, ought to be relieved against.
But jt is obvious, that the consideration moving between Clay and Morrison, was entirely different. The pqnsi^eratiou given by Clay, was the release or discharge *430 of the judgment against West and Guthrie, at Morrison’s request; and the consideration moving from Morrison to Clay, for the release, was the execution of the bonds in question. This consideration moving from Clay has not failed, nor has any fraud been practised by him ; and the consideration is. sufficient in law and equity to support the contract.
As to what induced Morrison to offer his bonds to Clay, in consideration that he would release his debtor, it is nothing to the purpose. It is a subject with which Clay had nothing to do, and he was not bound to take notice of it.
Although the contract between Clay and Morrison, may have been occasioned by the contract between Morrison and West, yet the contracts were wholly distinct-day was neither party nor privy to the contract between West and Morrison. The contract, as between Clay- and Morrison, was original — -not derivative.
It has been urged, that an assignee of a bond, both at. common law and by the act of assembly, takes it sub-, ject to all the equity attached to it in the hands of the ori-„ ginal obligee.
But how can the doctrine apply to this case? If Clay, is an assignee, it may be asked, who. is the assignor ? Morrison cannot be, for he is the original obligor in the-bond; and Clay himself is the original obligee, and cannot therefore be assignee. This will shew that the case is not within the act of assembly, and that it must depend on other principles.
But how does the common law principle apply ? It was held that the assignee should take the bond subject-to every objection which might have been made to it in the hands of the assignor, or obligee ; because it was assignable in equity only, and the assignee had to come into equity as complainant, to have the benefit of it. There the defendant had the law on his side, and his equity be-, ing equal, he must prevail. Clay is neither assignee, nor is he asking relief as complainant in equity. Neither the common law principle, nor the act of assembly relating to the assignees, can affect the case ; because. Clay takes, not as assignee,but, as has been before shewn, as, an original contracting party', upon a consideration distinct from the consideration passing between Morrison and West, attempted to be set up as the ground of. equity.
*431 The case of Pile vs. Shannon, & c. (a), in this court, has been greatly relied on by the counsel for the appellant, to prove that the bonds having been executed to Clay, in consideration of his discharging his original debtors, cannot help his case ; and that he must be subject, nevertheless, as if the bonds had been originally given to West, and by him assigned to Clay.
It is very doubtful, whether that case, to its full extent, can be supported upon principle. It is, however, not like this case. In that case, Meriwether, who held a bond on Pile, as assignee, surrendered the bond, and took from him a new bond, varying, in some respects, the payment; which new bond came to Shannon by assignment. Pile having an equity against the old bond, was held not to have lost that equity, by taking it up from Meriwether, and executing in lieu thereof, a new one; and he was relieved.
If the case can be supported upon any thing like principle, it must be on these grounds : that the original bond was once affected with the equity in the hands of Meriwether, who took it as assignee ; and that bond being the consideration of the new one, they should both partake of the same qualities ; and that a mere change of the paper, could not take it out of the act of assembly, which had once attached to the transaction ; and that the new bond, being thus affected in the hands of Me-riwether, it went with its defects into the hands of Shannon, as assignee. Even if all this were so, it would not affect the present case. It is a new, distinct, original contract, founded on a new, distinct, original consideration-.
The difference between Clay’s taking the bonds, as an original- party contracting with Morrison, and his taking, as assignee from West, had they been executed to him by Morrison, will be further elucidated by the following considerations : Had the bonds been given by Morrison to West, and by West assigned to Clay, in consideration of Clay’s releasing the judgment, Clay would really have taken as an assignee, deriving title through West; the contract by which Clay obtained the bonds, would have been a contract with West, and not with Morrison ; and the Consideration, (that is, the release) would haye been a consideration moving from Clay to West, and not from Clay to Morrison, who, therefore, *432 WOÜláílctt Bkve beett-bound by that eonáidé'rátibb. Biií eV%& m the éáse'bf Cliffs tkking as assignee, if hfe haa tíáid the consideration; áitd tdók the aSsignAent, tipdtt MbffiSbfi’s reqtíést, the consideration wtíuld háVembV-⅜⅛ from Clay towards Morfisori, feetatisé of tbiat request, .arid’hé would háve been btiuhd thereby.
There areiriany cases at cdtóAon law, in Which it ⅛ held, that if1 A. prbmise B; that in consideration B. will fdrbeaf, and' not sue his1 debtor for a certaiíi tiírié, At will !priy the dSbt ; and B. ddeS forbear, it is a good cóá-kideratibtt tb feripport the assumpsit; and A. shall be compelled'by action, to pay the debt: and it was never heard,' either iníaiv Of eqnit}', that A. should be excused frani the performance of hiS promise1, because of any fraud Which might have been practised by the debtor, inducing A. to make the proAise, lAless B. hiAsélf, WaS partaker in the fraud.
■ \¥⅛ are Of opíííiOh théré is no error in the decree of tWcirCüit court; dissolyihg the appellant’s ínjúrfcíióri therfciW.-^-^Decree affirmed;*

(a) Ante 53.

 The principle upon which this cauft was decided, is recognized and aflef upon, in the ccfes of Copeland vs. Fugate, and Lee vs. Vaughan, both decided at the Mí1 tefrii l?o8'.